UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HASSENGER,

       Plaintiff,                    Hon. Ellen S. Carmody

v.

                                  Case No. 1:16-cv-1138

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).**

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to

the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 52 years of age on her alleged disability onset date. (PageID.192). She earned a bachelor's degree and worked previously as a florist, medical equipment sales representative, clinic manager, researcher, fundraiser, admissions representative, and safety specialist. (PageID.40, 53). Plaintiff applied for benefits on September 3, 2013, alleging that she had been disabled since July 26, 2013, due to fibromyalgia, degenerative disc disease, myofascial pain, and reflex sympathetic dystrophy. (PageID.192-206, 232). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.96-188).

On January 20, 2015, Plaintiff appeared before ALJ Yvette Diamond with testimony being offered by Plaintiff and a vocational expert. (PageID.155-221). In a written decision dated January 28, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.33-42). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.23-27). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) status post rupture and repair of left Achilles tendon; (2) reflex sympathetic dystrophy; and (3) right hip bursitis, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.35-36).

With respect to Plaintiff's residual functional capacity (RFC), the ALJ concluded that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, she can stand/walk for six hours and sit for six hours; (3) she can occasionally balance, stoop, kneel, crouch, crawl, push/pull, and climb stairs; (4) she cannot climb ladders; (5) she requires the option to sit or stand at will without leaving the workstation. (PageID.36).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964.

Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 592,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.85-92). This represents a significant number of jobs. *See Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.        The ALJ's RFC Determination is Not Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); see also, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. The Court agrees.

On July 28, 2013, Plaintiff was severely injured after being struck in the left lower extremity by a large metal cart. (PageID.313, 323, 403-06). An August 14, 2013 examination revealed that Plaintiff was experiencing reflex sympathetic dystrophy (RSD)[2] in her left lower extremity. (PageID.408). Plaintiff was treated with nerve block injections and physical therapy

---

[2] Reflex Sympathetic Dystrophy (also known as Complex Regional Pain Syndrome) is a "chronic neuro-inflammatory disorder" which occurs "when the nervous system and the immune system malfunction as they respond to tissue damage from trauma." *See* Telltale Signs and Symptoms of CRPS/RSD, *available at* https://rsds.org/telltale-signs-and-symptoms-of-crpsrsd/ (last visited on March 15, 2018). The level of pain experienced by sufferers of CRPS/RSD "is measured as one of the most severe on the McGill University Pain Scale. *Id.*

which provided a certain measure of relief.  (PageID.429, 438, 445-46, 459-60).  Nevertheless, Plaintiff underwent surgery on January 6, 2014, to repair her left Achilles tendon.  (PageID.480-82).

Plaintiff subsequently began experiencing significant pain in her right hip which Plaintiff's treating physician attributed to her "gait aberration."  (PageID.552-54).  On August 29, 2014, Plaintiff reported that her hip "gave out" causing her to fall.  (PageID.521).  Plaintiff reported her pain as 10/10.  (PageID.521).  An MRI of Plaintiff's left ankle, performed two days later, revealed various abnormalities including tendinosis of the Achilles, "extensive" bone marrow edema, "large volume" joint effusions, tenosynovitis, and tenodesis.  (PageID.519-20).  Plaintiff's pain continued despite treatment.  (PageID.497-518).

The ALJ determined that Plaintiff retained the ability to perform a limited range of light work, including the ability to lift/carry 20 pounds and stand/walk for six hours during a workday.  Neither of these conclusions enjoys substantial support in the record.  Plaintiff testified that, at the suggestion of her treating physician, she began using a cane which she continues to use "most of the time."  (PageID.67).  Plaintiff's need for a cane is not unexpected given the nature and severity of her injuries.  Nevertheless, the ALJ neither provided analysis nor identified evidence suggesting that Plaintiff's cane usage was contrary to evidence or medical advice.  The ALJ's conclusion that Plaintiff can stand/walk for six hours during an 8-hour workday likewise enjoys no support in the record.

The ALJ's error regarding Plaintiff's RFC is compounded by her faulty assessment of Plaintiff's credibility.  The ALJ discounted Plaintiff's credibility based upon her reported activities.  None of these activities, however, require Plaintiff to function at a level consistent with the ALJ's RFC finding.  Moreover, Plaintiff's reported activities are not inconsistent with her

7

allegations. Finally, the ALJ completely ignored Plaintiff's lengthy work history and consistent attempts through physical therapy and other treatments to improve her functional ability, both of which enhance Plaintiff's credibility. *See, e.g., Rogers v. Astrue*, 2011 WL 1626558 at *4 (D. Ore., Apr. 28, 2011) ("a claimant's compliance with treatment is generally considered to enhance rather than detract from a claimant's credibility"); *Delgehausen v. Barnhart*, 2004 WL 1922126 at *2 (D. Minn., Aug. 27, 2004) ("the Plaintiff's favorable work history prior to her illness enhances her credibility").

In sum, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

## II. Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled, although the Court notes that if Plaintiff were limited to sedentary work, she would appear to be disabled pursuant to the Medical-Vocational Guidelines (aka the Grids). Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).** A judgment consistent with this opinion will enter.


Dated: March 19, 2018 　　　　　　　　　　　　　　　　  /s/ Ellen S. Carmody  
　　　　　　　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY  
　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge